[Cite as *State v. Belcher*, 2017-Ohio-6943.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2016-12-102 |
| Plaintiff-Appellant, | : | |
| | | O P I N I O N |
| | : | 7/24/2017 |
| - vs - | | |
| | : | |
| RENEE LYNN BELCHER, | : | |
| Defendant-Appellee. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 08CR24953

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Engel & Martin, LLC, Mary Martin, 5181 Natorp Boulevard, Suite 210, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas granting judicial release to defendant-appellee, Renee Belcher.

{¶ 2}   Belcher was indicted in 2008 on two counts of aggravated robbery, two counts of aggravated burglary, and two counts of kidnapping, each with a firearm specification. The charges stemmed from Belcher's involvement as the getaway driver in an armed home

invasion, robbery, and kidnapping of an elderly couple who had previously employed Belcher as a housekeeper.

{¶ 3}   On June 12, 2008, Belcher entered a guilty plea to one count of first-degree felony aggravated robbery and its firearm specification, one count of first-degree felony aggravated burglary, and one count of second-degree felony kidnapping.  In exchange for her guilty plea, all other charges and firearm specifications were dismissed.  The trial court accepted Belcher's guilty plea and sentenced her to an aggregate prison term of 15 years, three of which were mandatory.  Belcher's prison sentence was journalized in an "Agreed Judgment Entry of Sentence" filed that same day.

{¶ 4}   In April 2010, after serving approximately 22 months in prison, Belcher filed a motion for judicial release.  The trial court denied the motion without a hearing.  On April 29, 2016, Belcher filed a second motion for judicial release, which she supported with several exhibits consisting of certificates of completion of various prison programs, commendations, and a community service printout showing completion of 1,337 hours of community service.

{¶ 5}   On November 10, 2016, the trial court held a hearing on the motion.  At the hearing, the assistant prosecutor who prosecuted the case against Belcher in 2008 and Belcher each presented evidence in support of their respective positions.  Belcher apologized to the elderly couple and advised the trial court that while imprisoned, she had obtained her GED, learned trades, mentored other inmates, completed victim awareness and drug and alcohol programs, and stayed out of trouble.

{¶ 6}   The assistant prosecutor opposed the motion, arguing that following voluntary plea negotiations with the state, Belcher had agreed to serve 15 years in prison in exchange for the dismissal of three counts and several firearm specifications. The assistant prosecutor further opposed the motion on the ground that granting judicial release to Belcher would demean the seriousness of her crimes.  The assistant prosecutor advised the trial court that

Belcher had used her position as a former housekeeper and her knowledge of the elderly couple's vulnerabilities to commit the armed home invasion, robbery, and kidnapping of the couple, this was the second time Belcher had victimized the couple as she had been sentenced to prison the year before for stealing checks from the couple, and the escalation of Belcher's predatory conduct against the couple clearly showed that prior probation sanction and prison sentence had not deterred Belcher.

{¶ 7} After considering the foregoing evidence, Belcher's exhibits, and letters from friends and relatives of Belcher, the trial court granted Belcher's motion for judicial release. Acknowledging the seriousness of Belcher's offenses, the trial court found on the record that a sanction other than a prison term would adequately punish Belcher and protect the public from future crime because "[t]he applicable factors indicating a less[e]r likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." In support of its finding, the trial court noted the existence of "substantial grounds to mitigate [Belcher's] conduct," the fact Belcher never entered the elderly couple's home or had contact with them in any way, and the fact the elderly couple did not suffer physical injuries.

{¶ 8} The trial court further found on the record that Belcher's release from prison and placement on community control would not demean the seriousness of the offense because "factors indicating that her conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating her conduct was more serious than conduct normally constituting the offense." In support of its finding, the trial court noted Belcher's genuine remorse for the offense and the fact that with the exception of the forgery conviction for stealing checks, Belcher had otherwise led a law-abiding life for a significant number of years, the offense was committed under circumstances not likely to recur, and Belcher had never been adjudicated a delinquent child.

{¶ 9} In a decision and entry filed on November 10, 2016, the trial court reiterated its

finding that a sanction other than a prison term would adequately punish Belcher, would protect the public from future criminal violations by Belcher, and would not demean the seriousness of the offenses. The trial court then listed the factors it considered in making such a finding:

> 1. Defendant is an eligible offender under R.C. 2929.20(C)(5);
> 2. In committing the offense, Defendant did not cause or expect to cause physical harm to any person;
> 3. Substantial grounds exist to mitigate Defendant's conduct, including (1) the fact she was motivated by a drug addiction; and (2) Defendant did not actually burglarize the victims, but remained in a vehicle outside while a co-defendant burglarized the victims;
> 4. Prior to committing the offenses in this case, Defendant was not previously adjudicated a delinquent child;
> 5. Prior to committing the offenses in this case, Defendant had only been convicted of forgery and had otherwise lived a law-abiding life for a significant number of years;
> 6. Defendant committed these offenses under circumstances not likely to recur.

{¶ 10} The trial court then ordered Belcher be subject to three years of community control, which included electronic monitoring for 90 days with a curfew from 9:00 p.m. until 6:00 a.m., and an exclusion zone and no-contact order regarding the elderly couple. Belcher was also ordered to successfully complete a drug and alcohol treatment program as directed and supervised by the adult probation department.

{¶ 11} The state now appeals, raising one assignment of error:

{¶ 12} THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED BELCHER'S MOTION FOR JUDICIAL RELEASE.

{¶ 13} In its single assignment of error, the state argues the trial court erred in granting Belcher judicial release.

{¶ 14} Pursuant to R.C. 2953.08(B)(3), a state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Ledford*, 12th Dist. Clermont No. CA2016-04-021, 2017-Ohio-149, ¶

11. The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2). *Id.* Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "This is an 'extremely deferential' standard of review for the restriction is on the appellate court, not the trial judge." *Ledford* at ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 15} Judicial release is governed by R.C. 2929.20. As applicable here, R.C. 2929.20(J) provides:

> (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
>
> (2) A court that grants judicial release to an eligible offender under division (J)(1) of this section shall specify on the record

both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

Pursuant to R.C. 2929.12(A), the trial court may consider any relevant factors necessary to achieving the purposes and principles of sentencing. *Ledford*, 2017-Ohio-149 at ¶ 13.

{¶ 16} The state first argues that the trial court's decision to grant Belcher judicial release was contrary to law because it breached the parties' negotiated plea agreement and the trial court's "Agreed Judgment Entry of Sentence" that Belcher would serve a 15-year prison sentence in exchange for the state's dismissal of three additional charges and several firearm specifications against her. We decline to address the state's argument because the state does not have the right to appeal a sentence modification that is contrary to law.

{¶ 17} R.C. 2953.08(B) provides that the state may appeal, as a matter of right, a felony sentence "or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon [a] defendant, on any of the following grounds":

> (1) the sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, * * *
>
> (2) the sentence is contrary to law;
>
> (3) the sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.

{¶ 18} The Ohio Supreme Court addressed the scope of the state's right to appeal a sentence modification based on judicial release in *State v. Cunningham*, 113 Ohio St.3d 108, 2007-Ohio-1245. In *Cunningham*, the defendant was sentenced to community control after pleading guilty to a felony of the fifth degree. After the defendant violated the terms of her community control sentence, the trial court imposed a one-year term of incarceration. Two months later, the defendant moved for judicial release under R.C. 2929.20 but withdrew the motion before the trial court could rule on it. After filing a second motion for judicial release,

the defendant moved the trial court to "reinstate" her first motion for judicial release. The trial court granted that motion and modified the defendant's sentence. The state appealed the grant of judicial release, arguing that the trial court acted contrary to law in granting judicial release because the court had no authority to reinstate the defendant's withdrawn motion for judicial release.

{¶ 19} Prior to oral argument, the appellate court sua sponte raised the issue of whether the trial court's order modifying the sentence constituted a final, appealable order. In a split decision, the appellate court dismissed the state's appeal, holding that granting judicial release for third, fourth, or fifth-degree felonies was not a final, appealable order, and therefore R.C. 2953.08(B) did not grant the state the right to appeal in this instance. The state appealed to the supreme court, urging it had "a right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law."

{¶ 20} In upholding the dismissal of the state's appeal, the supreme court first held that "R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." *Cunningham*, 2007-Ohio-1245 at ¶ 28. The supreme court then rejected the state's argument that it had the "right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law":

> Finally, we recognize that the state, relying on R.C. 2953.08(B)(2), contends that it has a right to appeal a sentence modification that is contrary to law. Here, it urges that the court acted contrary to law in permitting Cunningham to reinstate a motion that had been withdrawn and that would have been untimely if it were refiled. A careful examination of R.C. 2953.08(B)(2), however, reveals that it does not refer to the *modification* of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a *sentence* imposed on a defendant on the grounds that "[t]he sentence is contrary to law." Thus, it does not apply to a modification of a sentence that is

- 7 -

allegedly contrary to law. *See State v. Raitz*, 6th Dist. [Lucas] No. L-03-1118, 2003-Ohio-5687, ¶ 13.

(Emphasis sic.) *Id.* at ¶ 22.[1]

**{¶ 21}** As stated above, the state is appealing the trial court's decision to modify Belcher's sentence and grant judicial release on the ground, inter alia, that the trial court's decision is contrary to law. However, as the supreme court held in *Cunningham*, R.C. 2953.08(B) does not authorize the state to appeal a sentence modification claimed to be contrary to law. We believe *Cunningham* is controlling.

**{¶ 22}** The significance of *Cunningham*, for purposes of this appeal, is the supreme court's recognition of the distinction between a "sentence" and the "modification" of that sentence. If that distinction applies in construing R.C. 2953.08(B), it applies equally in construing R.C. 2953.08(G)(2).

**{¶ 23}** R.C. 2953.08(G)(2) provides in relevant part that

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section

---

1. In *Raitz*, the opinion cited with approval by the supreme court in *Cunningham*, the Sixth Appellate District held:

> The clear language of R.C. 2953.08(B) makes clear that, at least in subsections (1) and (2), the section applies only to sentences, not to modifications of sentences. Subsection (3) is the only subsection that applies to modifications[.] The canon of statutory construction known as expressio unius est exclusio alterius (the expression of one thing implies the exclusion of other things not expressly mentioned) is instructive here. The legislature included in R.C. 2953.08(B) a list of three things that would entitle the state to an appeal as of right. The fact that it specifically mentioned sentence modifications [in] (3) but not in (1) and (2) suggests that the legislature did not intend for (1) and (2) to apply to modifications.

(Citation omitted.) *State v. Raitz*, 6th Dist. Lucas No. L-03-1118, 2003-Ohio-5687, ¶ 13.

2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 24}** An appellate court's authority to "increase, reduce, or otherwise modify" the modification of a sentence pursuant to R.C. 2929.20 is limited by R.C. 2953.08(G)(2)(a) to whether the findings for the modification are supported by the record. By contrast, R.C. 2953.08(G)(2)(b) has no application to sentence modifications and is plainly restricted to a "sentence" (i.e., the original sentence). Therefore, without regard to the degree of the felony for which an original sentence was imposed, R.C. 2953.08(G)(2)(b) does not permit an appellate court to "increase, reduce, or otherwise modify" a sentence modification as contrary to law. Thus, while the state may appeal the modification of a sentence imposed for a felony of the first or second degree pursuant to R.C. 2953.08(B)(3), that right must be interpreted in light of the R.C. 2953.08(G)(2) limitation upon the jurisdiction of an appellate court to review sentence modifications and applies only to whether the record supports the modification of sentences for first and second degree felonies.[2]

---

2. In a recent decision of the Tenth Appellate District, a dissenting judge determined that following *Cunningham*, "the R.C. 2953.08(G)(2) standard of review does not allow an appellate court to reverse a sentence *modification* if it is contrary to law." (Emphasis sic.) *State v. Nichter*, 10th Dist. Franklin No. 15AP-886, 2016-Ohio-7268, ¶ 58 (Horton, J., dissenting). Explaining, Judge Horton stated:

> In setting forth the standard of review, R.C. 2953.08(G)(2) states that the appellate court must "clearly and convincingly find[] either of the following: (a) That the record does not support the sentencing court's findings under * * * of section 2929.20 of the Revised Code * * *; [or] (b) That the sentence is otherwise contrary to law." The statute's failure to "refer to the modification of a sentence" in R.C. 2953.08(G)(2)(b) is identical to the omission in R.C. 2953.08(B)(2) that led *Cunningham* to hold that the provision did not apply to sentence modifications through judicial release, only appeals of original sentences. * * * Further indication that the standard of review for sentence modifications extends only to whether "the record does not support the sentencing court's findings" is the explicit reference in R.C. 2953.08(G)(2)(a) to 2929.20, the judicial release statute, which is not referenced in R.C. 2953.08(G)(2)(b), the "otherwise contrary to law" prong.

*Id.* at ¶ 58. Judge Horton concluded, "[r]ecognizing that the standard of review of sentence modifications based on judicial release determinations is confined to R.C. 2953.08(G)(2)(a) is only logical." *Id.* at ¶ 59. "If the standard of review of judicial release determinations extended to whether they were 'otherwise contrary to law,' *Cunningham*'s holding that the state has no right of appeal arising from a judicial release determination that is 'contrary to law' under R.C. 2953.08(B)(2) would be rendered a nullity." *Id.*

{¶ 25} This limitation was recognized by the Fourth Appellate District which held, "As *Cunningham* states, however, R.C. 2953.08(B) does not authorize the State to appeal a sentence modification claimed to be contrary to law *or* a sentence modification under R.C. 2929.20 for a third, fourth, of fifth degree felony." (Emphasis added.) *State v. Sparks*, 178 Ohio App.3d 272, 2008-Ohio-4664, ¶ 7 (4th Dist.).

{¶ 26} Consequently, we decline to address the state's first issue for lack of jurisdiction. *See Cunningham*, 2007-Ohio-1245.

{¶ 27} The state further argues that the trial court erred in granting Belcher judicial release because the record does not support the findings the trial court made under R.C. 2929.20(J)(1). Specifically, the state argues it was improper for the trial court to find, pursuant to R.C. 2929.20(J)(1)(b), that Belcher's release would not demean the seriousness of her conduct because the state presented numerous factors in support of the offense being more serious than conduct normally constituting the offense, and because mitigating seriousness factors were either not applicable or did not outweigh the aggravating seriousness factors. The state further argues it was improper for the trial court to find, pursuant to R.C. 2929.20(J)(1)(a), that Belcher's release would adequately punish her and protect the public from future criminal violations because the state presented several factors indicating that Belcher has a history of criminal convictions, has not responded favorably to sanctions previously imposed, and committed the offense under circumstances likely to recur.

{¶ 28} We begin by noting that a hearing on a motion for judicial release "is a new hearing that requires by statute a new evaluation of the factors." *Ledford*, 2017-Ohio-149 at ¶ 16; *State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246, ¶ 7. The weight to be given each of the factors presented by the parties is within the sound discretion of the trial court. *Edwards* at ¶ 7.

{¶ 29} On the record during the judicial release hearing and in its entry granting Belcher judicial release, the trial court found that Belcher's release from prison and placement on community control would adequately punish her, would protect the public from future criminal violations by Belcher, and would not demean the seriousness of the offense. Thus, the trial court made the requisite findings as to the adequacy of the punishment and the seriousness of the offense as required under R.C. 2929.20(J)(1)(a) and (b). The fact that the state "presented a more numerous recitation of factors * * * does not require the trial court to find that the offense was more serious than others." *Id.* at ¶ 6. Although the trial court must consider all relevant factors, the weight to be given to those factors is within the trial court's discretion. *Id.*

{¶ 30} In addition, when addressing a motion for judicial release, "'the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release.'" *Ledford*, 2017-Ohio-149 at ¶ 17, quoting *State v. Grilliot*, 2d Dist. Darke No. 99 CA 1485, 1999 Ohio App. LEXIS 4429, * 8 (Sept. 24, 1999). As we noted in *Ledford*, "due to the fundamental nature of the passage of time, it should go without saying that the seriousness factors contained in R.C. 2929.12(B) and (C) that the trial court balances at a defendant's sentencing hearing generally go unchanged when addressing a subsequent eligible offender's motion for judicial release." *Ledford* at ¶ 17. Likewise, the recidivism factors contained in R.C. 2929.12(D) and (E) that the trial court balances at a defendant's sentencing hearing generally go unchanged when addressing a subsequent eligible offender's motion for judicial release. As the Second Appellate District stated in *Grilliot*,

> It is clear from the record that Grilliot's having served 8 months of his 4 year sentence – and the lesson learned from that experience – is what persuaded the trial judge that Grilliot should be given judicial release. The trial court's finding pursuant to R.C. 2929.20([J])(1)(b) does not fit neatly within the confines of that

subsection because that subsection requires – and is limited to – a balancing of the seriousness factors that is favorable to Grilliot. That didn't happen in this case and we are hard pressed to imagine a situation where it would. The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought. Thus, judicial release would not be possible unless the trial court may consider "any other relevant factors." Where other factors are considered, however, the precise finding required by the strict wording of R.C. 2929.20([J])(1)(b) cannot be made. However, reading R.C. 2929.20([J])(1)(b) together with R.C. 2929.12(A), we believe the trial court's finding satisfies the spirit, if not the letter, of R.C. 2929.20([J])(1)(b). We likewise conclude that the trial court's finding is in keeping with these two subsections, which – pursuant to R.C. 2929.20([J])(1) – are to be read together.

*Grilliot* at *10-11.

{¶ 31} With these principles in mind, and after a thorough review of the record, we conclude that the record supports the findings the trial court made under R.C. 2929.20(J)(1)(a) and (b) in granting Belcher judicial release. The record contains evidence to support the trial court's findings that Belcher did not cause any physical harm to the elderly couple. While the state asserts Belcher expected to cause physical harm to the couple simply because her co-defendant used a firearm, there is no evidence to support the state's assertion and the state admitted there were no physical injuries. Although Belcher helped her co-defendant in the burglary and robbery, the record also contains evidence to support the trial court's findings that she did not actually burglarize and rob the elderly couple but remained in a vehicle outside the home and that she was suffering from drug addiction at the time of her offenses. There was additional evidence in the record that while imprisoned, Belcher completed victim awareness and drug and alcohol programs and stayed out of trouble.

{¶ 32} The record also contains evidence to support the trial court's findings that

Belcher was not previously adjudicated a delinquent child, expressed genuine remorse for her offenses, and led a law-abiding life for a significant number of years before she was convicted of forgery for stealing checks from the elderly couple. There was additional evidence in the record that while imprisoned, Belcher obtained her GED, learned trades and performed secretarial work, and mentored younger female prisoners, and that upon release, a long-time friend of Belcher planned on having Belcher help him and his wife in his furniture and hardware business.

{¶ 33} In light of the foregoing, while this court may not have reached the same decision, we find it necessary to again note that R.C. 2953.08(G)(2), which provides the standard of review this court applies in reviewing a trial court's decision to grant judicial release, is "extremely deferential" to the trial court. The trial court is in the best position to assess whether the facts of this case support granting judicial release pursuant to R.C. 2929.20. The trial court also has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. *Ledford*, 2017-Ohio-149 at ¶ 19.

{¶ 34} The state's assignment of error is accordingly overruled insofar as it challenges the findings the trial court made in granting Belcher judicial release pursuant to R.C. 2929.20(J).

{¶ 35} Judgment affirmed.

S. POWELL, P.J., concurs.

PIPER, J., dissents.

**PIPER, J., dissenting.**

{¶ 36} I respectfully dissent from the majority opinion for two reasons. First, I do not find *Cunningham* dispositive of the state's first argument on appeal. The facts of

*Cunningham* are narrow and specific, dealing with a motion for judicial release that was timely filed, subsequently withdrawn, and then refiled untimely. Furthermore, *Cunningham's* analysis and holding involved judicial release modifying a sentence for felonies of the third, fourth, and fifth degrees, whereas Belcher's judicial release involves felonies of the first and second degrees. Thus, I would find that the state has a right to appeal by virtue of R.C. 2953.08 (B)(3), and jurisdiction for its argument is not lacking.[3]

{¶ 37} Within its first argument, the state does not challenge the modification of Belcher's sentence; rather the state is arguing Belcher relinquished the opportunity to be considered for judicial release. In other words, the state's argument concludes Belcher has no right to be considered for judicial release due to the substance of what she agreed to in her plea. We should be addressing the merits of the state's assignment of error rather than determining *Cunningham* poses a jurisdictional issue. This is especially true where the parties never argued *Cunningham's* application. Nor did Belcher argue that this court lacked jurisdiction to consider the state's first argument on appeal. At a minimum, this court should have permitted the parties to present supplemental briefing on the issue instead of deciding the matter with no opportunity for input, explanation, or argument from the parties.

{¶ 38} The majority opinion acknowledges the issue in *Cunningham* was whether the state had a right to appeal the granting of judicial release for felonies of the third, fourth, and fifth degrees. Therefore, in *Cunningham*, the issue was briefed and litigated. However, and inapposite from the *Cunningham* appeal, our litigants never raised or briefed the issue of jurisdiction, and the felonies involved are those of the first and second degree. This is a difference worth distinction.

---

3. R.C. 2953.08(B)(3) gives the state "as a matter of right" an appeal of a trial court's decision to grant judicial release from sentences previously given on first and second degree felonies by virtue of a specific reference to R.C. 2929.20, which is the judicial release statute.

{¶ 39} The majority's position is "interpreted in the light" of R.C. 2953.08(G)(2), and applies several appellate cases only to conclude the state's argument was beyond appellate review. Yet, the state had no opportunity to address the majority's interpretation, or the cases it cited, because the position espoused by the majority was never raised or briefed by the parties.[4]

{¶ 40} I do not contend that all issues raised sua sponte must be raised or briefed by the parties. Occasionally, a point of law and its application is unequivocally certain and clear. In some rare occasions, the even playing field is not tilted, nor is the opportunity to be heard violated. In my opinion, this is not one of those occasions. As such, I dissent from the majority's conclusion regarding the state's first argument.

{¶ 41} I also dissent regarding the way the majority disposes of the state's second argument. The majority concludes "that the record supports the findings the trial court made under R.C. 2927.20(J)(1)(a) and (b) in granting Belcher judicial release." I must respectfully disagree.

{¶ 42} The trial court found Belcher did not actually burglarize and rob the elderly victims. Yet, Belcher pled guilty to aggravated burglary, aggravated robbery, and kidnapping with a gun specification resulting in a lengthy agreed sentence. Belcher's culpability in the terrifying and life-threatening crimes is the same as her co-defendant. Belcher targeted this elderly couple, as she had in the past, by planning the implementation of the victims' home

---

4. Errors not briefed can be considered abandoned by an appellate court. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159 (1988). Yet, here, we are raising issues that have never been briefed, or even raised by the parties, thus no opportunity to be heard. "At a minimum, due process requires notice and the opportunity to he heard." *State v. Koller*, 12th Dist. Warren No. CA2013-07-069, 2014-Ohio-450, ¶ 25. The Ohio Supreme Court has before used supplemental briefing as a way to afford notice and a chance to be heard on appellate issues. *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, ¶ 4 (Ohio Supreme Court requested supplemental briefing on the issue of jurisdiction because the issue was not previously raised by the parties); *see also State v. Brooks*, 12th Dist. Preble Nos. CA99-01-001 and CA99-01-002, 1999 Ohio App. LEXIS 5716, *16 (Dec. 6, 1999) (Valen, J., dissenting) citing *State v. Peagler*, 76 Ohio St.3d 496, 499 (1996) ("the Supreme Court has instructed that if a reviewing court chooses to consider an issue not suggested by the parties on appeal but implicated by evidence in the record, the court of appeals should give the parties notice of its intention and an opportunity to brief the issue").

invasion knowing a deadly weapon was to be used. The psychological terror and devastation Belcher assisted in inflicting on the elderly couple was as significant as any physical injury, and nothing in the record supports a different conclusion.

{¶ 43} The trial court found that Belcher did not have a criminal record when she was an adolescent. Any evidence of such pales in comparison to her crime spree as an adult more recent in time, and again, the record does not support a different conclusion. Ultimately, the trial court found granting judicial release did not demean the seriousness of Belcher's crimes. However, Belcher's conduct in planning the home invasion with the use of a deadly weapon of an elderly couple she had previously befriended, was clearly a deceptive, predatory act – abhorrent in nature. The commission of her crime is certainly demeaned by the granting of judicial release.

{¶ 44} My review determines that the record does not support the trial court's findings pursuant to the relevant statutes the majority analyzes. I do agree that the standard of review is deferential to the trial court's findings, but that does not mean that our review is lightly undertaken. Judicial release for offenses as serious as Belcher's crimes should be granted only when the record supports such. It is commendable that Belcher has made good use of her time while incarcerated, but incarceration gives little opportunity otherwise. Her completion of certain programs, along with an apology and her expressed willingness to find employment, does not support judicial release in this case. Belcher had employment in the past, and she chose to use that employment to prowl for victims. Granting Belcher judicial release demeans the seriousness of the crimes she actually committed. As such, I respectfully dissent.